DUMAS, RECURRENTE, v. EL REGISTRADOR DE GUAYAMA,
RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de Guayama denegando la inscripción de una escritura de venta judicial de crédito hipotecario.

No. 222.—Resuelto en abril 6, 1915.

INSCRIPCIÓN DE TÍTULOS—CESIÓN DE UN CRÉDITO HIPOTECARIO YA CANCELADO.—
No procede la inscripción de una escritura de venta de un crédito hipotecario, cuando del mismo registro aparece cancelado dicho crédito.

RECURSOS GUBERNATIVOS—DEBER DEL RECURRENTE—ALEGATO.—En este caso el recurrente no presentó alegato alguno en apoyo del recurso y es al recurrente al que corresponde plantear el debate sobre bases ciertas y claras, no estando obligado el Tribunal Supremo a proceder por meras conjeturas que puedan deducirse más o menos lógicamente del examen de los documentos archivados.

Los hechos están expresados en la opinión.

Abogado del recurrente: Sr. Salvador Picornell.

El Registrador recurrido Sr. Felipe Cuchí Arnau no compareció.

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

El presente es un recurso gubernativo contra nota del Registrador de la Propiedad de Guayama negándose a inscribir cierta escritura de venta judicial de crédito hipotecario.

Del expediente aparece que el 19 de enero de 1915 comparecieron ante el Notario Salvador Picornell, el márshal de la Corte Municipal de Río Piedras, Luis G. Vila Mayo, y Félix Dumas, y el primero, en nombre de Pedro Virella Uribe, vendió al segundo un plazo de cierto crédito hipotecario inscrito en el Registro de la Propiedad de Guayama, cuyo plazo se había embargado como de la propiedad del dicho Virella Uribe en dos pleitos que contra él siguiera Félix Dumas en la Corte Municipal de Río Piedras. No consta la fecha del embargo, consignándose en la escritura

que fué anotado en el Registro. Las sentencias en cuya ejecución se llevó a efecto la venta, se dictaron el 16 de octubre de 1914.

Presentada la escritura de venta judicial para su inscripción en el registro, el registrador se negó a ello por medio de la siguiente'nota, que es la recurrida:

"Denegada la inscripción del documento que precede, por aparecer satisfecho y cancelado el plazo vendido, por escritura de carta de pago otorgada en Guayama ante el Notario D. Miguel Zavaleta el primero de junio de mil novecientos once, habiéndose hecho esa cancelación en este registro el día 6 de octubre de 1914, por nota al margen de la inscripción séptima de la finca No. 395 al folio 34 vuelto del tomo 9 de Arroyo. Guayama, febrero tres de mil novecientos quince. El Registrador. Félix Cuchí Arnau."

El 10 de marzo de 1915 Félix Dumas, por medio de su abogado presentó los documentos en la Secretaría de esta Corte Suprema, manifestando no estar conforme con la nota que se ha transcrito y prometiendo alegar luego las razones en que basaba su no conformidad. El 20 de marzo se concedió al recurrente a su instancia una prórroga de diez días para presentar su alegato. Venció dicho término y nada adujo el recurrente.

Y en verdad que a juzgar por la escritura y por la nota, ninguna razón derecha podía oponer el recurrente a la negativa del registrador, porque si el crédito en cuestión estaba ya cancelado por escritura de carta de pago y por consiguiente no tenía existencia legal en el registro ¿cómo iba a inscribirse un documento por virtud del que se transfería su propiedad?

Podría levantar alguna duda la circunstancia de consignarse en la escritura que los embargos se habían anotado en el registro, circunstancia que parece implicar la existencia del crédito cuando se anotaran los embargos. Pero si se examina la escritura, se verá que en ella misma se consigna

lo que sigue: "Este crédito fué constituído para ser satisfecho en cuatro plazos, de los cuales los dos últimos han sido cancelados, quedando por tanto vigentes los dos primeros sobre los cuales se trabó el embargo," y nos parece ilógico que se solventaran los últimos plazos del crédito y quedaran pendientes los primeros. Además, si bien la cancelación se hizo el 6 de octubre de 1914, fecha anterior a las sentencias pero posterior tal vez a la anotación de los embargos, es lo cierto que constaba en "escritura de carta de pago otorgada en Guayama ante el Notario Don Miguel Zavaleta el primero de junio de mil novecientos once," fecha que podría lógicamente asegurarse que es anterior a la anotación de los embargos.

Por último diremos que no estamos obligados a proceder por conjeturas. Es al recurrente al que corresponde plantear el debate sobre bases ciertas y claras. El no lo ha hecho así y queda totalmente en pié la afirmación consignada por el registrador en su nota, esto es, la de que cuando se presentó para su inscripción en el registro la escritura de que se trata, el plazo del crédito hipotecario que aparecía vendiéndose en la misma, estaba ya cancelado, y si el plazo del crédito hipotecario vendido estaba ya cancelado, el registrador no podía hacer otra cosa que negarse a inscribir la escritura.

Debe declararse no haber lugar al recurso y confirmarse la nota recurrida.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.